SCHLICHTER & SHONACK, LLP
KURT A. SCHLICHTER (CA SBN 172385)
STEVEN C. SHONACK (CA SBN 173395)
KIM TABIN MANN (CA SBN 272013)
2381 Rosecrans Ave., Suite 326
El Segundo, CA 90245
Telephone: (310) 643-0111
Fax: (310) 643-1638
kas@sandsattorneys.com
scs@sandsattorneys.com
ktm@sandsattorneys.com

Attorneys for Defendants
CARMAX AUTO SUPERSTORES
CALIFORNIA, LLC, DANTE
CARTER and MARK HOLNESS
e/s/a MARK SOLENESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIKA R. FLUELLEN, an individual; and EDDIE L. FLUELLEN, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia Limited Liability Company; DANTE CARTER, an individual; MARK SOLENESS, an individual; and DOES 1 through 75, inclusive,<br><br>        Defendants. | USDC No. CV-14-4923 JEM<br>Complaint Filed:  April 7, 2014<br>[Removed June 25, 2014]<br><br>**STIPULATED PROTECTIVE ORDER FOR GOVERNANCE OF DISCOVERY OF CONFIDENTIAL INFORMATION** |

1               CV-14-4923 JEM
**STIPULATED PROTECTIVE ORDER**

1  PLEASE TAKE NOTICE THAT, on February 6, 2015, Plaintiffs and
2  Defendants, entered into a stipulation as follows:
3  
4  WHEREAS, the Parties to this action, including plaintiffs ENIKA R.
5  FLUELLEN and EDDIE R. FLUELLEN ("Plaintiffs"), and defendants CARMAX
6  AUTO SUPERSTORES CALIFORNIA, LLC, its parents and affiliates, and its
7  employees, including but not limited to the individual defendants in this action,
8  ("CarMax"), possess documents and information that may be protected from
9  disclosure or dissemination, and which such documents and/or information have
10 been or may be requested in discovery herein;
11 WHEREAS, the Parties have requested such documents from each other in
12 this litigation that arguably requires the production of trade secret, confidential,
13 proprietary or private information (including but not limited to non-public
14 information which would reveal CarMax's confidential or proprietary research,
15 development, financial or business information, and Plaintiffs' private financial
16 information);
17 IT WAS STIPULATED AND AGREED, by and between Plaintiffs and
18 Defendants, including CarMax and the individual defendants who are employees,
19 and the firms of Glassey Smith, LLP, and Schlichter & Shonack, LLP (hereinafter
20 "the Protective Order Parties") hereto, as follows:

1. As used herein, "Confidential Information" means papers, tapes, documents, discovery responses, disks, diskettes, copies, extracts, data bases and complete or partial summaries prepared from such papers, documents, or other tangible things produced by the Parties in connection with this action.

2. "Confidential Information" is referred to herein as "Protected Material."

3. All Protected Material produced, and to be produced, in the course of discovery in this action is subject to the terms of this Protective Order, and may only be used or disclosed as described herein, and for purposes of this action only, except as otherwise ordered by the Court or as permitted by the Federal Rules of Civil Procedure.  Protected Material shall not be made public by the Protective Order Parties or their counsel, or be used for any purpose other than the preparation and trial of this action.

4. In the event the Protective Order Parties contemplate these materials to be requested in other litigation regarding issues that are arguably the same or similar in which the firm of Glassey Smith, LLP, represents the plaintiff, the Protective Order Parties shall not use Protected Material produced in this matter unless and until a protective order is entered in such other cases, if any.

5. The Protective Order Parties may designate as "Confidential Information" documents or information produced in this action that contains

proprietary business information which has been preserved or maintained in a manner calculated to preserve its confidentiality, trade secrets, information subject to a legally protected right of privacy, or information which would reveal the Protective Order Parties' confidential or proprietary research, development, financial, business or private information.  Documents containing Confidential Information shall be designated in good faith and by appropriately labeling such documents "Confidential" without obstructing any mark or writing which appears on the original documents.  Any party making any such designation is hereafter referred to herein as the "Designating Party."

      6.      With respect to oral testimony, the Protective Order Parties may designate all or part of the testimony of any witness as Protected Material in the following manner:

      a.      During the deposition or hearing, the Protective Order Parties may orally designate all or a portion of the testimony as Confidential Information.  The reporter shall make a notation in the record marking the beginning and ending of all testimony so designated as Confidential Information.

      b.      Alternatively, within fifteen (15) days after the court reporter serves a copy of the transcript of a deposition or hearing, either party may identify all or part of the transcribed testimony, or any exhibits made a part of any such transcript, as Confidential Information by giving written notice to counsel for the

other party of the specific pages and lines of the transcript that constitute or contain Confidential Information. Until fifteen (15) days after the court reporter serves a copy of the transcript of a deposition or hearing, all deposition transcripts shall be deemed Confidential Information under the terms of this Protective Order, and there shall be no disclosure of any information contained therein in any discovery motions without complying with the terms of this Protective Order. Those portions of transcripts of depositions thereafter designated as containing Confidential Information shall be governed by the terms of this Protective Order.

    7.    Except as permitted in Paragraphs 11 and 12, counsel for the Protective Order parties shall keep Confidential Information confidential, and shall in no way divulge any Confidential Information, or any summary or abstract thereof, to any firm, person, or corporation, save and except to the following (hereinafter "Qualified Persons"):

    a.    Counsel for the Protective Order Parties and employees thereof whose functions for the purposes of prosecuting this action require access to such Confidential Information;

    b.    Outside experts or consultants retained, sought to be retained, or contacted by a party or counsel hereto whose advice and consultation are being or will be used by such party in connection with preparation for trial or depositions or for trial in this action, including any motions in this action;

      c.      Any party and any officer or employee of a party, to the extent deemed necessary by counsel for that party, for the prosecution of this action;

      d.      Testifying witnesses in this action, but only in connection with preparation for, or testimony at, deposition or trial;

      e.      The Court and any person employed by it to work on this action;

      f.      Any court reporter or videographer employed by one of the Protective Order Parties to this Protective Order for the purpose of recording depositions;

      g.      Employees of document copying, storing, or handling services; and

      h.      Any person who authored or received the Confidential Information prior to commencement of this action.

8.      No Qualified Persons, other than those referred to in Paragraphs 7(a), 7(b), 7(c), 7(f), and 7(g), shall have access to Confidential Information without having first read this Protective Order and having acknowledged and agreed in writing to abide by its terms.

9.      If any of the Protective Order Parties herein, or their counsel, are served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the party receiving such subpoena or order (hereinafter "the Receiving Party") must so notify the Protective Order Parties to this action, or their counsel, in writing (electronically or by fax, if possible) immediately and in no event more than three court days after receiving the

subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the individual or entity that caused the subpoena or order to issue in such other litigation that some of all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the individual or entity in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested individuals or entities to the existence of this Protective Order and to afford the designating party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging any party in this action to disobey a lawful directive from another court.

10. If any herein, or their counsel, learn that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the disclosing party must immediately: (a) notify the designating party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of

all the terms of this Order; and (d) request such person or persons to acknowledge and agree in writing to be bound by this Protective Order.

11. Unless the Protective Order Parties stipulate otherwise in writing with regard to particular filings, should Protected Material (or other contents or the information contained therein) covered by this Protective Order be disclosed in discovery motions and/or the exhibits to discovery motions, such documents, exhibits and transcripts shall be filed in sealed envelopes (or other sealed containers) marked with the title of this action, the title of the document being filed and a statement substantially in the following form:

### CONFIDENTIAL

**Pursuant to the Order of the court dated _____, this envelope containing the above titled documents filed by [the name of the party] is not to be opened nor the contents thereof displayed or revealed, except to the Court or counsel in this action.**

**Access to these sealed envelopes or containers may be obtained by any of the Protective Order Parties' counsel for any necessary or appropriate uses in this action. Counsel for the Protective Order Parties shall warn other counsel whenever they intend to quote from or otherwise disclose Protected Material in open court proceedings relating to discovery motions. Such warnings shall be given at or before the hearing (but need not be given prior to the start of oral argument) such that there is sufficient time and opportunity for [Designating Party] to object to the disclosure, to ask that the courtroom be cleared of spectators and/or that the hearing be conducted in chambers.**

12. A party may use Protected Material at trial and motions proceeding other than discovery motions after complying with the provisions of the Fed. R. Civ. Proc. 5.2 and Local Rule 79-5.1.

13. The acceptance by either party of Protected Material shall not constitute an admission or concession, or permit any inference that the documents so designated are, in fact, Confidential Information. Either party may seek to remove the scope of this Protective Order anything designated as Confidential Information. The party seeking such removal shall give written notice thereof to the other party. Ten (10) days after such notice, if the Protective Order Parties have been unable to reach agreement concerning the removal of the specific matter designated confidential, the objecting party may file and serve a motion for an order from this Court directing that the information no longer be treated as Protected Material. The Designating Party shall have the burden of establishing grounds for confidential treatment and that the information and/or documents involved have been properly designated Confidential Information. Absent an agreement extending the schedule, any such motion must be filed and served within (20) days after the expiration of the ten (10)-day notice period set forth above.

14. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, consistent with the Federal Rules of Civil Procedure and Local Rules of the District Court of the Central District of California.

15. Nothing in this Protective Order, nor the production of anything by any of the Protective Order Parties to this action, shall be deemed a waiver of any privilege with respect thereto in any other action or proceedings, or a waiver of any privilege applicable to any infroatmion other than the specific information so produced in this action, or of the right of any party to this action to oppose production of any information. In the event of any inadvertent disclosure of any Protected Material, all Parties reserve all rights that they may have as a matter of law with respect to such inadvertent disclosure.

16. The Protective Order Parties and their counsel agree that, in the event that the Court does not enter this Protective Order, this Stipulation shall remain in effect and enforceable between the Protective Order Parties.

17. Within sixty (60) days following the conclusion of this action, including any and all appeals from a judgment in it, all Protected Material produced shall be returned to the Designating Party or destroyed by shredding, with no copies, including electronic copies, retained. Notice of destruction by

1  shredding shall be made to the Designating Party before the expiration of the 60-
2  day time period described herein.
3
4
5      NOW, THEREFORE, GOOD CAUSE HAVING BEEN SHOWN AND
6  THE PARTIES HAVING STIPULATED TO THE SAME, the stipulation of the
7  
8  Parties shall be the order of the Court.
9
10
11     IT IS SO ORDERED.
12
13
14  Dated:  February 9, 2015
15                                    UNITED STATES MAGISTRATE JUDGE
                                      HONORABLE JOHN E. MCDERMOTT
16
17
18
19
20
21
22
23
24
25
26
27
28